David L. HORTON, Plaintiff—
Appellant,

v.

Michael J. ASTRUE,* Defendant—
Appellee.

No. 05–36071.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Oct. 24, 2007.

Eitan Kassel Yanich, Esq., Olympia, WA, for Plaintiff–Appellant.

Social Security Administration Office of The General, Brian C. Kipnis, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: B. FLETCHER, BEAM **, and RYMER, Circuit Judges.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne B. Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM ***

David L. Horton appeals the district court's judgment affirming the decision of the Commissioner of the Social Security Administration finding that his degenerative disc disease is not disabling. We reverse and remand for an award of benefits.

■ We are not persuaded that the Administrative Law Judge (ALJ) erred at the second step in failing to consider limitations caused by gout, as there was no evidence that any physician had imposed a work-related functional limitation for this reason. Nor did the ALJ err at the third step, as Horton offered no evidence of motor loss persisting for at least 12 months. *See, e.g., Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir.2001).

■ However, we agree with Horton that the ALJ improperly rejected the opinions of Horton's treating physicians without providing specific and legitimate reasons supported by substantial evidence in the record.[1] *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995). The ALJ failed to take account of evaluations by Dr. Livermore and Dr. Rubenstein indicating that Horton cannot perform half-time in a normal work setting as he cannot be sitting and/or standing for long periods of time. The Commissioner's response that the ALJ's sit/stand option appears to cover those sitting limitations that are supported by the record is unavailing, for if Horton needs to spend too much time lying down to perform at even a half-time sedentary job, then a sit/stand option will do him no good.

In addition, evidence of Horton's daily activities falls short of showing that Horton could perform work which requires

prolonged sitting or standing. *Cf., e.g., Rollins v. Massanari,* 261 F.3d 853 (9th Cir.2001). While Horton reported performing household maintenance tasks, he did so at a slow pace and was unable to engage in any form of recreational activity. Also, the ALJ mistakenly characterized Horton's ibuprofen usage as "over the counter"; his physicians reported that he used 800 mg tablets on a prescription basis. Finally, inconsistencies in what Horton said about using alcohol are not clear and convincing evidence that his testimony concerning pain was untruthful given Dr. Rubenstein's testimony that alcohol usage did not significantly affect Horton's other diagnosed medical conditions.

This being so, Dr. Rubenstein's opinion stands. Both sides confirmed at oral argument that the record was fully developed. In these circumstances, the ALJ would be required to find that Horton was disabled. *See Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir.1996). Accordingly, we remand for an award of benefits.

REVERSED AND REMANDED.

**Mary L. REYNOLDS, Plaintiff—Appellant,**

v.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. As the Commissioner concedes is appropriate, we modify Horton's residual functional capacity (RFC) from light to sedentary, with an "at will" sit/stand option.